IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMIE M. MCCANN, BENJAMIN C. DUNLAP,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.

23cv1301
ELECTRONICALLY FILED

## MEMORANDUM OPINION

Before the Court is Defendant's Motion and Brief in support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).  ECF 4 and ECF 5. Plaintiffs filed a Brief in Opposition to same, relying on Federal Rule of Civil Procedure 12(b)(6) to support their opposition.  ECF 8.  Defendant filed a Reply, with the Court's permission.  ECF 11.  The matter is now ripe for adjudication, and for the reasons the follow the motion will be denied.

**I. Standard of Review - Fed.R.Civ.P. 12(b)(6)[1]**

Under Rule 12(b)(6), a Complaint must be dismissed for "failure to state a claim upon which relief can be granted."  Detailed factual pleading is not required – Rule 8(a)(2) calls for a "short and plain statement of the claim showing that the pleader is entitled to relief" – but a Complaint must set forth sufficient factual allegations that, taken as true, set forth a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plausibility standard does not

---

[1] Although Fed.R.Civ.P. 12(b)(1) was also referenced in Government's Motion and Brief, there were no jurisdictional arguments advanced by the Government, and thus, the Court will not consider this amotion to dismiss predicated upon Rule 12(b)(1).

require a showing of probability that a claim has merit, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007), but it does require that a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Determining the plausibility of an alleged claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Iqbal*, the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013); *see also Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (In reference to third step, "where there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.").

When adjudicating a Motion to Dismiss for failure to state a claim, the Court must view all of the allegations and facts in the Complaint in the light most favorable to the plaintiff, and must grant the plaintiff the benefit of all reasonable inferences that can be derived therefrom. *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347,

350 (3d Cir. 2005)). However, the Court need not accept inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. See *Reuben v. U.S. Airways, Inc.*, 500 F. App'x 103, 104 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (stating that District Courts "must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions"). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212.

In short, a Motion to Dismiss should be granted if a party fails to allege facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**II. Factual and Procedural History**

The statements in this section are taken from Plaintiff's Complaint, filed at ECF 1, unless otherwise noted.

This case involves a motor vehicle collision which occurred on July 14, 2017. Of particular relevance, Plaintiff McCann was treated on the day of accident and for a period of time following the accident by a physician, Angela Hogue, M.D. ("Hogue"), Greenville Community

Health Center ("Greenville"), and the Primary Health Network ("Primary"), for injuries she sustained in the collision.

Because Plaintiff McCann continued to suffer from on-going medical conditions following the accident, she sought treatment from a new and different physician on October 30, 2019. It was during this visit that she "discovered" that her persistent medical conditions continued because allegedly, she had not been receiving proper treatment from Hogue, Greenville or Primary for injuries she sustained in the 2017 motor vehicle accident. As a result, Plaintiff McCann filed a medical malpractice lawsuit against Hogue, Greenville, and Primary in Pennsylvania's Mercer County Court of Common Pleas on November 1, 2021, by filing a Praecipe for Writ of Summons.[2]

On or about March 8, 2022, Plaintiff filed her Complaint in the Court of Common Pleas of Mercer County, Pennsylvania. Defendant removed that case on October 17, 2022, to this Federal Court. See case number 2:22-cv-1464, Doc. No. 1. The basis for the removal was as follows, "[Defendant] Primary Health Network, is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233 and that Angela Hogue, M.D., was acting within the scope of her employment at Primary Health Network, with respect to the incidents referred to in the Complaint." Id. In addition, the Notice of Removal noted, "Pursuant to the Certification by the Attorney General's designee and the filing of this Notice of Removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States of America, and the United States is substituted as the sole federal party defendant in place of

---

[2] Plaintiff McCann notes that under Pennsylvania law, the whenever the last day of a period of tie falls on a Saturday or Sunday, that day is omitted from the time computation, thereby making the date she filed her praecipe (on November 1, 2021), timely, because October 30, 2021, fell on a Saturday. 1 Pa.C.S.A. § 1908. In sum, Plaintiff's Complaint in the instant matter alleges that even though the accident occurred on July 14, 2017, she did not "discover" that her medical conditions were related to the accident until October 30, 2019, and under the "discovery rule" she had until October 30, 2021 to file her Praecipe, but because October 30, 2021 fell on a Saturday she had until November 1, 2021 to timely file same.

Defendants Angela Hogue, M.D., Greenville Community Health Center, and Primary Health Network." Id.

Once the Mercer County case was removed to this Federal Court, the United States of America was substituted for the named defendants (Hogue, Greenville, and Primary), the Government moved for a dismissal of the matter pursuant to Fed.R.Civ.P. 12(b)(1), claiming Plaintiffs failed to exhaust their administrative remedies prior to filing their lawsuit. Case no. 2:22-cv-1464, Doc. No. 9.  By way of a Text Order dated November 14, 2022, this Court granted the Motion to Dismiss without prejudice to refile to the Complaint.

Plaintiff filed the operative Complaint on this docket on July 18, 2023.  ECF 1.  The allegations set forth in the instant Complaint mirror those brought in the Mercer County Court of Common Pleas, except the named Defendant is the Government. Plaintiffs also claim they have now exhausted their administrative remedies and the Government does not dispute that allegation. The Government filed its Motion to Dismiss on September 13, 2023, and Plaintiffs filed their Brief in Opposition on October 3, 2023.  The Government filed a Reply Brief with permission, on October 16, 2023.

**III. Discussion**

    **A. Summary of the Parties' Statute of Limitations Arguments**

The Government argues that Plaintiffs filed to timely assert their claim against the United States.  To this end, the Government begins by noting that the Federally Supported Health Centers Assistance Act (42 U.S.C.A. § 233(g)-(n)), is triggered by the filing of this lawsuit.  The Government next notes that the Federal Tort Claims Act ("FTCA") provides the exclusive

remedy for medical negligence claims against federally funded community health centers and their employees.

The FTCA reads as follows:

> (b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C.A. § 2401.

The Government argues that Plaintiff's claim for medical malpractice accrued on October 30, 2019, the date Plaintiff was diagnosed with a traumatic, closed-head injury and post-concussion syndrome purportedly caused by the 2017 motor vehicle accident. The Government further contends Plaintiff had two years from October 30, 2019, the date of discovery – or until November 1, 2021, allowing for the fact that October 30, 2021 fell on a Saturday – to tender her claim in writing to the appropriate Federal agency, as required by 28 U.S.C. § 2401.  As noted in the Factual and Procedural History, above, Plaintiff did not do so.[3]

Plaintiff counters that the Westfall Savings Clause is applicable to these facts thereby rendering Plaintiff's lawsuit against the Government timely. The Westfall Savings Clause is a tolling provision which can be invoked when a plaintiff mistakenly files his or her action in a State Court.

This Clause reads as follows:

> (5) Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for

---

[3] In addition, the FTCA reads in relevant part, "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675.

> failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—
>
>> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
>>
>> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C.A. § 2679(d).

The Government counters that the Westfall Savings Clause[4] is inapplicable here because the instant claim was not brought pursuant section 2675(a) of Title 28, rather it was brought pursuant to section 233(c) of Title 42. The Government suggests that if this Court were to grant Plaintiff's request and apply the Westfall Savings Clause, this Court would in essence be expanding the applicability of the clause to include 42 U.S.C.A. § 233(c), and not just 28 U.S.C.A. 2675(a), contrary to how the statute reads.

Both the Government and Plaintiff argue that *Miller v. Phila.Geriatric Ctr.*, 463 F.3d 266 (3d Cir. 2006) and *Knapp v United States,* 836 F.App'x 86 (3d Cir. 2020) ("*Knapp I*") apply to the instant matter and provide guidance to this Court specifically as to how this Court should interpret the above cited statutes.

**B. The Court's Analysis**

The FTCA is Plaintiff's exclusive remedy for her medical negligence action against the United States. 28 U.S.C.A. § 2879(b)(1). When the United States is a defendant in a tort claim lawsuit (as it is here), a plaintiff must exhaust all administrative remedies before instituting a

---

[4] Following the United States Supreme Court decision in *Westfall v. Erwin*, 484 U.S. 292 (1988), in 1988, Congress enacted the Federal Employees Liability Reform and Tort Compensation Act (which is colloquially referred to as the "Westfall Act"), to absolutely shield federal employees from liability for any negligent acts arising from the course and scope of the federal employees' employment. Important to the instant matter, the Westfall Act contains a "savings clause" (referred to as the "Westfall Savings Clause"), which saves a plaintiff from being barred by a statute of limitations if the plaintiff timely files a claim "in the wrong forum, such as a state or federal court rather than with the appropriate federal agency." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009).

claim against the United States. 28 U.S.C. § 2675(a).  In addition, 28 U.S.C.A. § 2401 establishes a two-year timeframe in which a plaintiff must bring the claim, but also allows a plaintiff to bring a claim within 6 months from the date an agency mails its denial of a claim.  If the agency fails to issue a response within the 6-month timeframe, the plaintiff may file the lawsuit.

In *United States v. Kubrick*, 444 U.S. 111 (1979), the United States Supreme Court carved out a "discovery rule" for FTCA claims involving medical negligence claims.  This "discovery rule" established that the two-year statute of limitations would begin to run on the date that the plaintiff knows the existence and the cause of his or her injury.  *Id*. at 119-122.

The Court notes the following undisputed facts present in this case, relative to the statute of limitations set forth in 28 U.S.C.A. § 2401, are relevant to determine whether Plaintiff is time-barred from bringing this action:

(1) Plaintiff's auto accident occurred on July 14, 2017.

(2) Plaintiff treated for her injuries from the auto accident with a community-based health care provider that received funding from the Federal Government.

(3) On October 30, 2019, Plaintiff discovered she had allegedly received negligent treatment for her injuries.

(4) Plaintiff initiated a lawsuit on November 1, 2021, by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Mercer County in the Commonwealth of Pennsylvania.

(5) Plaintiff filed her Complaint alleging medical negligence in her Mercer County case on March 8, 2022.

(6) The Government removed that case on October 17, 2022, to this Court at docket number 22-cv-1464, claiming the Federally Supported Health Centers Assistance Act (42 U.S.C.A. § 233(g)-(n)) was triggered by the filing of Plaintiff's medical negligence complaint against Primary Health Network and its employee, Angela Hogue M.D., in Mercer County, and substituting itself as the Defendant.

(7) On November 14, 2022, this Court dismissed the case for lack of jurisdiction due to Plaintiff's failure to exhaust her administrative remedies. See document number 15 in case number 22-cv-1464.

(8) In an attempt to exhaust their administrative remedies, Plaintiffs submitted a Form 95 with the United States Department of Health and Human Services which was received on December 16, 2022.

(9) Plaintiffs received no response and approximately 215 days later, on July 18, 2023, Plaintiff filed the instant Complaint. ECF 1.

As noted, Plaintiffs filed her Complaint in the instant matter on July 18, 2023. The application of 28 U.S.C.A. § 2401 and the discovery rule set forth in *Kubrick*, would suggest that October 30, 2019, is the start date for the two-year statute of limitations period to begin its run.[5] Plaintiffs brought a timely state court action in Mercer County on November 1, 2021; however, unbeknownst to Plaintiffs at the time, these defendants could not be sued in state court. Upon "discovering" the cause of her injuries on October 30, 2019, the Plaintiffs initiated their state

---

[5] The Government contends that the October 30, 2019 is the date that Plaintiffs knew they had a medical malpractice claim, but argue that *Kubrick, supra.* and *Miller v. Phila. Geriatric Ctr.,* 463 F.3d 266 (3d Cir. 2006), indicate that accrual does not wait for the point in time when a plaintiff knows she has a medical malpractice claim, but rather accrual begins when the plaintiff knows of the injury and its cause. Although this Court agrees with the Government's recitation of the law, the Court accepts as true for purposes of adjudicating this Motion, the well-pleaded facts that on October 30, 2019, Plaintiffs first learned of the severity of Plaintiff's injuries and that the delay in medical treatment for her closed-head injury (until October 30, 2019), worsened Plaintiff's condition and delayed her recovery. ECF 1, para 44.

court lawsuit by filing a Praecipe for Writ of Summons – not a Complaint – which provided the defendants with no information about the nature of the claim(s) being brought by the Plaintiffs.

However, this case involves a second "discovery" – the discovery that the entities and the individual defendants who Plaintiffs sued in state court for medical negligence fell under the purview of the Federally Supported Health Centers Assistance Act (42 U.S.C.A. § 233(g)-(n)), rendering the FTCA as Plaintiffs' sole and exclusive avenue by which they could seek redress for their medical negligence claim.  Because of this second discovery – or perhaps more accurately, because of the mistake Plaintiffs unknowingly made by filing their claim in a state court forum – they may be entitled to further toll the statute of limitation from November 1, 2021 under the Westfall Savings Clause if three criteria are met.  Those three criteria are as follows: Plaintiff must have (1) filed their state court action within two years from the date of the alleged injury; (2) presented their FTCA claim to the correct federal agency within 60 days of the removal and dismissal of the wrongly filed state court action; and (3) if denied by the federal agency, appealed to the Federal District Court within six months.  See, 28 U.S.C.A. §§ 2401(b), 2679(d); and *Knapp v. United States, Dept. Health and Human Services,* 836 Fed. App'x 86, 89 (3d Cir. 2020) ("*Knapp I*").

As noted above, Plaintiff met the first criteria due in part to the first "discovery rule" – whereby Plaintiff allegedly discovered the cause of her injuries was allegedly due to the medical negligence of her provider(s) on October 30, 2019.  Plaintiffs filed their state court action on November 1, 2021 via a Praecipe for Writ of Summons – the last day before the statute expired – thereby satisfying the first criteria described in *Knapp I*.

The second criteria requires that Plaintiffs present their claim to the federal agency within 60 days of the removal and dismissal of the wrongly filed state court action.  The state court

10

action was removed on October 17, 2022, and on November 14, 2022, this Court dismissed the case for lack of jurisdiction due to Plaintiff's failure to exhaust her administrative remedies. See document no. 15 in case no. 22-cv-1464. On December 16, 2022, the U.S. Department of Health and Human Services received Plaintiffs' Form 95, which Plaintiffs submitted to exhaust their administrative remedies. The submission and receipt of Form 95 was within the proscribed 60-day time period from the date of this Court's dismissal of the removed medical negligence case. Thus, Plaintiffs meet the second criteria.

The third criteria requires Plaintiffs to appeal the federal agency's denial of their claim within six months to a Federal District Court. Section 2675(a) deems a claim denied after six months without a response from a federal agency, and thereafter, permits a claimant to file an action in Federal Court. 28 U.S.C.A. § 2675(a). Here, Plaintiffs' claim was deemed denied six months from December 16, 2022, (on June 16, 2023). Because Plaintiffs did not receive a response from the Department of Health and Human Services, they filed the instant action on July 18, 2023. Accordingly, Plaintiffs have met that third and final criteria of the Westfall Savings Clause.

## IV. CONCLUSION

Based on the above cited law, this Court finds that Plaintiffs may avail themselves of the Westfall Savings Clause and therefore, are not barred from bringing this action based on a statute of limitations argument.[6] The Court will issue an Order consistent with this Opinion.

---

[6] The Government argues, secondarily, that the Westfall Savings Clause only applies to those claims brought under 28 U.S.C.A. § 2679 and not 42 U.S.C.A. § 233(c) -- which forms the premise of the instant lawsuit. However, this Court disagrees. The full text of 42 U.S.C.A. § 233(c) reads: "Upon a certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States of the district and division embracing the place wherein it

By the Court,

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc:  All Registered ECF Counsel and Parties

Dated: November 9, 2023

---

is pending <u>and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto</u>. 42 U.S.C.A. § 233 (emphasis added).